**Not for Publication in West's Federal Reporter**
**Citation Limited Pursuant to 1st Cir. Loc. R. 32.1.0**

# United States Court of Appeals
## For the First Circuit

No. 05-2752

UNITED STATES OF AMERICA,

Appellee,

v.

DENSIL TREVOR CHAPMAN,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

[Hon. Carmen Consuelo Cerezo, U.S. District Judge]

Before

Selya, Circuit Judge,
Cyr and Stahl, Senior Circuit Judges.

Maria Soledad Ramirez-Becerra and Maria Soledad Ramirez-Becerra Law Office on brief for appellant.
Rosa Emilia Rodríguez-Vélez, United States Attorney, Nelson Pérez-Sosa and Germán A. Rieckehoff, Assistant United States Attorneys, on brief for appellee.

December 22, 2006

**Per Curiam**.  A federal grand jury sitting in the District of Puerto Rico indicted defendant-appellant Densil Trevor Chapman on a single count charging that he, being an alien previously deported from the United States subsequent to a conviction for an aggravated felony, attempted to reenter without having obtained express consent from the Attorney General.  See 8 U.S.C. § 1326. The defendant moved for relief from the indictment on the ground that his original deportation was carried out in violation of his due process rights.  The district court, accepting the recommended decision of a magistrate judge, denied the motion.

Subsequently, the defendant entered an unconditional guilty plea to the single count of the indictment.  The presentence investigation report (PSI Report) suggested a guideline sentencing range (GSR) of 70-87 months.  The defendant did not object to this calculation.

At the disposition hearing, held on October 18, 2005, the defendant argued that imposing a sentence within the GSR would be harsher punishment than necessary.  In this regard, he cited a plethora of factors, such as his family history and background, his prior military service, the relatively compressed span of his previous criminal activity, his belief that he would be deported upon his release from immurement (thereby blunting any need to incarcerate him for a lengthy period), and the fact that he presented no danger to society.  After listening to the defendant's

-2-

importunings, the district court accepted the PSI Report's guideline calculations and sentenced him to a 40-month incarcerative term. This timely appeal followed.

We need not tarry. The Supreme Court's landmark decision in United States v. Booker, 543 U.S. 220, 245 (2005), rendered the federal sentencing guidelines advisory. Post-Booker, we review sentences for reasonableness. Id. at 261. That standard of review obtains whether the sentence imposed falls inside or outside the GSR. See United States v. Turbides-Leonardo, ___ F.3d ___, ___ (1st Cir. 2006) [No. 05-2374, slip op. at 12-13]; United States v. Jiménez-Beltre, 440 F.3d 514, 517 (1st Cir. 2006) (en banc).

"In constructing a sentence under an advisory guidelines regime, a sentencing court ordinarily should begin by calculating the applicable guideline sentencing range; then determine whether or not any departures are in order; then mull the factors delineated in 18 U.S.C. § 3553(a) as well as any other relevant considerations; and, finally, determine what sentence, whether within, above, or below the guideline sentencing range, appears appropriate." United States v. Pelletier, ___ F.3d ___, ___ (1st Cir. 2006) [No. 06-1287, slip op. at 20]. Here, the defendant concedes the correctness of the calculated GSR (70-87 months). See Appellant's Br. at 11. By like token, he advances no argument anent the sentencing court's eschewal of a departure. He posits, rather, that the sentencing court failed to attach appropriate

-3-

weight either to the various mitigating factors enumerated above or to irregularities in his original deportation proceeding.

This argument is meritless. The transcript of the disposition hearing makes manifest that the lower court considered the factors limned in 18 U.S.C. § 3553(a), mulled the various proffers made by the defendant in mitigation, and gave the defendant a huge discount — sentencing him to a term of imprisonment of 40 months. That sentence is roughly 43% below the nadir of the applicable GSR.

The sentencing transcript and the PSI Report make the district court's rationale for the length of the sentence abundantly clear. That rationale is "plausible." Jiménez-Beltre, 440 F.3d at 519. The resulting sentence is not unreasonably harsh.[1] No more is exigible.

There are two final points. First, the fact that the sentencing court did not address the section 3553(a) factors one by one in explicating its sentencing decision in no way undermines the reasonableness of the sentence imposed. See United States v. Dixon, 449 F.3d 194, 205 (1st Cir. 2006); United States v. Scherrer, 444 F.3d 91, 94 (1st Cir. 2006) (en banc).

Second, the defendant devotes much of his brief to the thesis that the district court should have extended him even

---

[1]As the government has not cross-appealed, we need not consider whether the sentence is unreasonably lenient.

-4-

greater largesse because of the dubious constitutionality of his earlier deportation proceeding. This contention is waived: the transcript of the disposition hearing discloses that, instead of asking the district court to consider his collateral attack on the constitutionality of the original deportation proceeding, the defendant told the court, through counsel, that he would not press that argument but, rather, would "throw [himself] on the mercy of the Court." That was a waiver, pure and simple.[2] See United States v. Rodriguez, 311 F.3d 435, 437 (1st Cir. 2002). Unlike a forfeited issue (which can be reviewed on appeal for plain error), a waived issue cannot be reviewed at all. See id.

We need go no further. For the reasons elucidated above, we uphold the sentence. Our ruling is without prejudice, of course, to the defendant's right, if he so elects, to raise an ineffective assistance of counsel claim under 28 U.S.C. § 2255.

**Affirmed**.

---

[2]We do not disparage the substance of this claim. Were it not for the combination of three events — this waiver, the unconditional guilty plea that preceded it, and the defendant's failure to press an appeal of the original removal order to the Board of Immigration Appeals — the result might well have been different.