**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 09-4421**

_____

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

          v.

GONZALES MARCH, a/k/a Gun, a/k/a Gon,

                    Defendant - Appellant.

_____

Appeal from the United States District Court for the District of
South Carolina, at Columbia.   Cameron McGowan Currie, District
Judge.   (3:08-cr-00590-CMC-6)

_____

Submitted:  July 29, 2010          Decided:  August 20, 2010

_____

Before NIEMEYER, GREGORY, and SHEDD, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Jessica Salvini, SALVINI & BENNETT, LLC, Greenville, South
Carolina, for Appellant.  James Chris Leventis, Jr., OFFICE OF
THE UNITED STATES ATTORNEY, Mark C. Moore, Stanley Duane
Ragsdale, Assistant United States Attorneys, Columbia, South
Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Gonzales March appeals his conviction and 144 month sentence for conspiracy to distribute and possess with intent to distribute cocaine and marijuana, in violation of 21 U.S.C. § 841 (2006) (Count 1) and the use of a telephone to facilitate a drug conspiracy, in violation of 21 U.S.C. § 843(b) (2006) (Count 35). Appellate counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), contending that there are no meritorious issues on appeal, but questioning whether March's appeal is barred by his plea waiver, and whether March's sentence is reasonable. March has filed an informal brief, questioning the validity of his guilty plea and the district court's application of the career offender enhancement, and asserting that his original attorney was ineffective in failing to request an exception to March's plea waiver due to the pendency of the Supreme Court's decision in Chambers v. United States, 129 S. Ct. 687 (2009), and his later attorney was ineffective in advising March to withdraw his objection to the application of the career offender enhancement, in light of our subsequent decision in United States v. Rivers, 595 F.3d 558 (4th Cir. 2010). The Government declined to file a brief. We affirm.

Because March did not move in the district court to withdraw his guilty plea, we review March's Rule 11 hearing for

2

plain error. United States v. Martinez, 277 F.3d 517, 525 (4th Cir. 2002). "To establish plain error, [March] must show that an error occurred, that the error was plain, and that the error affected his substantial rights." United States v. Muhammad, 478 F.3d 247, 249 (4th Cir. 2007). Even if March satisfies these requirements, "correction of the error remains within the court's discretion, which [the court] should not exercise unless the error seriously affects the fairness, integrity[,] or public reputation of judicial proceedings." Id. (internal quotation marks and citation omitted). After reviewing the record, we find that the district court complied with the mandates of Fed R. Crim. P. 11; therefore, March's guilty plea was knowingly and voluntarily made.

Additionally, both March and his counsel challenge whether March's appeal is barred by the plea waiver contained in March's plea agreement. Where the government seeks to enforce an appeal waiver and the appellant does not contend that the government is in breach of its plea agreement, a waiver will be enforced if the record shows the waiver is valid and the challenged issue falls within the scope of the waiver. United States v. Blick, 408 F.3d 162, 168 (4th Cir. 2005). However, if the government declines to file a motion or brief raising the waiver issue, we will perform the required Anders review. United States v. Poindexter, 492 F.3d 263, 271 (4th Cir. 2007).

3

Because the Government declined to raise the issue of the appeal waiver, we will perform the required Anders review, and need not consider the validity of March's appeal waiver.

Next, March's counsel questions whether March's 144 month sentence is substantively reasonable. Additionally, in his pro se brief, March contends that, because failure to stop for a blue light is not a crime of violence, the district court committed procedural error in applying the career offender enhancement.

"Regardless of whether the sentence imposed is inside or outside the [g]uidelines range, the appellate court must review the sentence under an abuse-of-discretion standard." Gall v. United States, 552 U.S. 38, 51 (2007). Appellate courts are charged with reviewing sentences for both procedural and substantive reasonableness. Id.

In determining procedural reasonableness, we first assess whether the district court properly calculated the defendant's advisory guidelines range. Gall, 552 U.S. at 49-50. We then determine whether the district court failed to consider the 18 U.S.C. § 3553(a) (2006) factors and any arguments presented by the parties, treated the guidelines as mandatory, selected a sentence based on "clearly erroneous facts," or failed to sufficiently explain the selected sentence. Id. at 51; United States v. Pauley, 511 F.3d 468, 473 (4th Cir. 2007).

4

Finally, we review the substantive reasonableness of the sentence, "taking into account the 'totality of the circumstances, including the extent of any variance from the [g]uidelines range.'" Pauley, 511 F.3d at 473 (quoting Gall, 552 U.S. at 51).

Generally, unpreserved errors in sentencing are reviewed for plain error. See Fed. R. Crim. P. 52(b); United States v. Olano, 507 U.S. 725, 731-32 (1993). However, a defendant may waive appellate review of sentencing error if he raises and then knowingly withdraws an objection to the error before the district court. See United States v. Horsfall, 552 F.3d 1275, 1283 (11th Cir. 2008) (finding that defendant's withdrawal of objection to sentence enhancement precluded appellate review of enhancement); United States v. Rodriguez, 311 F.3d 435, 437 (1st Cir. 2002) ("[A] party who identifies an issue, and then explicitly withdraws it, has waived the issue."). See also United States v. Chapman, 209 F. App'x 253, 268 n.4 (4th Cir. 2006) (No. 04-5010) (noting that "withdrawal of [an] objection amounts to a waiver of any complaint . . . , precluding us from considering the issue even under plain error review") (argued but unpublished). An appellant is precluded from challenging a waived issue on appeal. See Rodriguez, 311 F.3d at 437. Such a waiver is distinguishable "from a situation in which a party fails to make a timely assertion of a right –

5

what courts typically call a 'forfeiture,'" id. (quoting Olano, 507 U.S. at 733), which, as noted above, may be reviewed on appeal for plain error. See Olano, 507 U.S. at 733-34.

Here, the record reflects that March initially objected to the probation officer's finding that he qualified as a career offender, contending that his conviction for failure to stop for a blue light, in violation of South Carolina Code § 56-5-750 (2006), was not a crime of violence. During sentencing, in exchange for the Government's agreement to withdraw its 21 U.S.C. § 851 (2006) information, March withdrew his motion for downward departure and objection to the application of the career offender enhancement. Therefore, it is clear that March has waived this issue, and we are precluded from considering it on appeal. Reviewing the remainder of March's sentence, we find that it is both procedurally and substantively reasonable.

In his pro se informal supplemental brief, March also asserts that the two attorneys who represented him in the district court each were ineffective. Claims of ineffective assistance of counsel generally are not cognizable on direct appeal. See United States v. King, 119 F.3d 290, 295 (4th Cir. 1997). Rather, to allow for adequate development of the record, a defendant must ordinarily bring his claim in a 28 U.S.C.A. § 2255 (West Supp. 2010) motion. See id.; United States v. Hoyle, 33 F.3d 415, 418 (4th Cir. 1994). An exception to this

general rule exists when the record conclusively establishes ineffective assistance. United States v. Richardson, 195 F.3d 192, 198 (4th Cir. 1999); King, 119 F.3d at 295. Because the record does not conclusively establish ineffectiveness of either attorney who represented March, we decline to consider this claim on direct appeal.

In accordance with Anders, we have reviewed the entirety of the record and find no meritorious issues on appeal. Accordingly, we affirm the judgment of the district court. This court requires that counsel inform her client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately expressed in the materials before the court and argument would not aid the decisional process.

AFFIRMED

7