**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 10-4582**

———————

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

  v.

CARLOS LAMONT WILLIAMS,

    Defendant - Appellant.

———————

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. William L. Osteen, Jr., District Judge. (1:09-cr-00056-WO-1)

———————

Submitted: May 31, 2011    Decided: June 6, 2011

———————

Before WILKINSON, DUNCAN, and DIAZ, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Henry C. Su, HOWREY LLP, East Palo Alto, California, for Appellant. Ripley Rand, United States Attorney, Randall S. Galyon, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Carlos Lamont Williams pled guilty to possession with intent to distribute 1,152.3 grams of N-Benzylpiperazine ("BZP"), in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C) (2006), and possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2) (2006). He received a 110-month sentence. On appeal, Williams argues his sentence was procedurally unreasonable because his advisory Guidelines range was not properly calculated. Specifically, he maintains that the Guidelines range for BZP was erroneously premised on BZP being a 3,4-Methylenedioxymethamphetamine ("MDMA") Mimic Drug and a Controlled Substance Analogue. In fact, he claims recent case law and notices from the DEA suggest that the most closely related controlled substance to BZP would be amphetamine, but much less potent. Next, Williams argues his sentence was procedurally unreasonable because the district court failed to explain its reasons for denying his motion for a downward variance. Last, although Williams acknowledges the district court overruled his objection to a firearm enhancement as moot, he raises it to preserve his objection. We affirm.

A sentence is reviewed for reasonableness under an abuse of discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007). This review requires consideration of both the procedural and substantive reasonableness of a sentence. Id.;

2

see United States v. Lynn, 592 F.3d 572, 575 (4th Cir. 2010). A sentence imposed within the properly calculated Guidelines range is presumed reasonable by this court. United States v. Mendoza-Mendoza, 597 F.3d 212, 217 (4th Cir. 2010). In determining the procedural reasonableness of a sentence, this court considers whether the district court properly calculated the defendant's Guidelines range, treated the Guidelines as advisory, considered the 18 U.S.C. § 3553(a) (2006) factors, analyzed any arguments presented by the parties, and sufficiently explained the selected sentence. Gall, 552 U.S. at 51.

Williams first argues the district court erred in relying on the presentence report ("PSR"), which converted BZP to MDMA for purposes of establishing a Guidelines range. As noted by the Government and conceded by Williams, Williams initially raised this claim in a sentencing memorandum, but withdrew the objection at sentencing. The Government posits that this claim is waived in light of the withdrawal of the objection. Williams counters that he is entitled to plain error review for two reasons. First, he claims he was "pressured to go along with his counsel's decision to withdraw the objection during sentencing." Second, he maintains his counsel "failed to render effective assistance with respect to the development and presentation of this objection" and therefore he "should not be bound by his counsel's decision to withdraw the objection."

3

Generally, unpreserved errors in sentencing are reviewed for plain error. See Fed. R. Crim. P. 52(b); United States v. Olano, 507 U.S. 725, 731-32 (1993). However, a defendant may waive appellate review of a sentencing error if he raises and then knowingly withdraws an objection to the error before the district court. See United States v. Horsfall, 552 F.3d 1275, 1283 (11th Cir. 2008) (finding that defendant's withdrawal of objection to sentence enhancement precluded appellate review of enhancement); United States v. Rodriguez, 311 F.3d 435, 437 (1st Cir. 2002) ("A party who identifies an issue, and then explicitly withdraws it, has waived the issue."); see also United States v. Chapman, 209 F. App'x 253, 268 n.4 (4th Cir. 2006) (No. 04-5010) (noting that "withdrawal of [an] objection amounts to a waiver of any complaint . . . , precluding us from considering the issue even under plain error review") (argued but unpublished). An appellant is precluded from challenging a waived issue on appeal. See Rodriguez, 311 F.3d at 437. Such a waiver is distinguishable "from a situation in which a party fails to make a timely assertion of a right — what courts typically call a 'forfeiture,'" id. (quoting Olano, 507 U.S. at 733), which, as noted above, may be reviewed on appeal for plain error. See Olano, 507 U.S. at 733-34.

Here, the record reflects that Williams initially objected to the probation officer's calculation of his

4

Guidelines range based on BZP being treated as an MDMA analog. However, during sentencing, Williams withdrew his objection. Therefore, it is clear that Williams has waived this issue, and this Court is precluded from considering it on appeal.

Williams argues that he was essentially pressured into agreeing to the withdrawal of the objection and that counsel was ineffective in developing the BZP/MDMA conversion objection and in choosing to withdraw it. Claims of ineffective assistance generally are not cognizable on direct appeal. United States v. King, 119 F.3d 290, 295 (4th Cir. 1997). Rather, to allow for adequate development of the record, a defendant must bring his claim in a 28 U.S.C.A. § 2255 (West Supp. 2010) motion. Id. An exception exists where the record conclusively establishes ineffective assistance. United States v. Baldovinos, 434 F.3d 233, 239 (4th Cir. 2006).

To succeed on his claim, Williams must show that (1) trial counsel's performance was constitutionally deficient and (2) such deficient performance was prejudicial. Strickland v. Washington, 466 U.S. 668, 687-88, 692 (1984). To satisfy the performance prong, Williams must demonstrate that trial counsel's performance fell below an objective standard of reasonableness under "prevailing professional norms." Id. at 688. The prejudice prong is satisfied if Williams demonstrates that "there is a reasonable probability that, but for [trial]

counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. We conclude there is no ineffective assistance conclusively appearing on the record. See United States v. DeFusco, 949 F.2d 114, 120 (4th Cir. 1991) (an ineffective assistance of counsel claim is best raised in a § 2255 motion so that counsel can be "afforded adequate opportunity to explain the reasons surrounding the action of inaction to which [petitioner] takes exception") (internal citations omitted).

To the extent that Williams argues he was pressured into withdrawing the objection, his claim is belied by the record. Initially, Williams filed a pro se objection to the BZP/MDMA conversion. At sentencing, after counsel stated that he was withdrawing the objection, Williams informed the court that he was uncertain about the withdrawal. After the district court afforded him a sixteen-minute recess to confer with counsel, Williams informed the court that he had discussed the issue with counsel, that he fully understood what was taking place, and that he agreed with the withdrawal of the objection. Under these circumstances, the record does not reflect undue pressure. To the extent that Williams argues counsel pressured him into withdrawing the objection, this claim too is better raised in a § 2255 motion, where the record may be more fully

developed to reflect the communications between Williams and counsel.

Williams next claims his sentence is procedurally unreasonable because the district court did not articulate reasons for denying his motion for a downward variance to avoid unwarranted sentencing disparities under 18 U.S.C. § 3553(a)(6) (2006). Because Williams requested a sentence below the Guidelines range, his claim was properly preserved, and this court reviews it for reasonableness under an abuse of discretion standard, reversing "unless . . . the error was harmless." Lynn, 592 F.3d 572 at 576, 578 ("By drawing arguments from § 3553 for a sentence different than the one ultimately imposed, an aggrieved party sufficiently alerts the district court of its responsibility to render an individualized explanation addressing those arguments, and thus preserves its claim."); cf. United States v. Hernandez, 603 F.3d 267, 270 (4th Cir. 2010) (reviewing claim of procedural unreasonableness for plain error because defendant did not argue for a sentence different from the sentence that he received).

At sentencing, Williams' counsel advised that the court start at 100 months and then vary downward based on the other cases involving BZP. After reviewing the submitted materials, the court stated it "really had a hard time comparing things like criminal histories or nature and circumstances of

the offense or all of the history and characteristics of the defendant." It further explained that, while the BZP cases from other districts "may be some help in terms of evaluating the seriousness of the offense, there are a lot of gaps in there that make it difficult to do a direct comparison between the sentences that are imposed." Ultimately, the court denied the variance, finding the use of the Guidelines calculation as calculated was appropriate. We conclude the district court's explanation was sufficient. This court does not evaluate the adequacy of the district court's explanation "in a vacuum," but also considers "[t]he context surrounding a district court's explanation." United States v. Montes-Pineda, 445 F.3d 375, 381 (4th Cir. 2006).

Accordingly, we affirm Williams' sentence.[*] We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

---

[*] Because Williams waived his argument as to the district court's calculation of the Guidelines range based on count two, we conclude Williams' argument pertaining to the firearm enhancement imposed under the offense level computation for count four is moot. See United States Sentencing Guidelines Manual § 3D1.3(a) (2009) (instructing that the count producing the highest adjusted offense level in the group is used to determine the Guideline calculations for the group).