**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 12-4616

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

DERRICK LAMONT STANCIL, a/k/a DAP, a/k/a Daffy,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at New Bern.   James C. Dever III, Chief District Judge.   (4:11-cr-00062-D-1)

Submitted:  February 22, 2013         Decided:  March 7, 2013

Before NIEMEYER, SHEDD, and AGEE, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Mary Jude Darrow, LAW OFFICE OF MARY JUDE DARROW, Raleigh, North Carolina, for Appellant.   Jennifer P. May-Parker, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Derrick Lamont Stancil appeals his convictions and sentence for conspiracy to possess with intent to distribute a quantity of heroin, in violation of 21 U.S.C. § 846 (2006) (Count One), and possession with intent to distribute a quantity of heroin, in violation of 21 U.S.C. § 841(a)(1) (2006) (Count Two). Counsel has filed a brief under Anders v. California, 386 U.S. 738 (1967), asserting that there are no meritorious issues but raising for the court's consideration (1) whether counsel was ineffective for not filing a motion to suppress, and (2) whether the drug quantity was in error because it was based on testimony that was unreliable and not credible. Stancil was informed of the opportunity to file a pro se brief, but did not do so. The Government did not file a brief. Finding no error, we affirm.

Claims of ineffective assistance of counsel generally are not cognizable on direct appeal. United States v. King, 119 F.3d 290, 295 (4th Cir. 1997). Rather, to allow for adequate development of the record, a defendant must bring his claims in a 28 U.S.C.A. § 2255 (West Supp. 2012) motion. Id.; United States v. Hoyle, 33 F.3d 415, 418 (4th Cir. 1994). However, ineffective assistance claims are cognizable on direct appeal if the record conclusively establishes ineffective assistance.

Massaro v. United States, 538 U.S. 1690, 1693-94 (2003); United States v. Richardson, 195 F.3d 192, 198 (4th Cir. 1999). We conclude that the record does not conclusively establish that counsel was ineffective.

Stancil initially challenged the drug quantity that was attributed to him for sentencing purposes. After the Government conducted further investigation and reduced Stancil's drug quantity, Stancil withdrew all objections, including his objection to the drug quantity. Because Stancil withdrew his objection to the drug quantity, although he believed he was responsible for even less heroin, appellate review is waived. Generally, unpreserved errors in sentencing are reviewed for plain error. See Fed. R. Crim. P. 52(b); United States v. Olano, 507 U.S. 725, 731-32 (1993). However, a defendant may waive appellate review of a sentencing error if he raises it and then knowingly withdraws an objection to the error before the district court. See United States v. Horsfall, 552 F.3d 1275, 1283 (11th Cir. 2008) (finding that defendant's withdrawal of objection to sentence enhancement precluded appellate review of enhancement); United States v. Rodriguez, 311 F.3d 435, 437 (1st Cir. 2002) ("A party who identifies an issue, and then explicitly withdraws it, has waived the issue."). An appellant is precluded from challenging a waived issue on appeal. See

3

<u>Rodriguez</u>, 311 F.3d at 437. Such a waiver is distinguishable "from a situation in which a party fails to make a timely assertion of a right — what courts typically call a 'forfeiture,'" <u>id.</u> (quoting <u>Olano</u>, 507 U.S. at 733), which, as noted above, may be reviewed on appeal for plain error. <u>See</u> <u>Olano</u>, 507 U.S. at 733-34. Because Stancil affirmatively withdrew his objection to the drug quantity, the issue is waived.

Moreover, the record clearly establishes that Stancil's guilty plea was counseled, knowing, and voluntary. The district court substantially complied with Fed. R. Crim. P. 11 and questioned Stancil, counsel and the Government to ensure the voluntariness of his guilty plea. Accordingly, we affirm the convictions.

Stancil's sentence is reviewed for reasonableness, applying the abuse-of-discretion standard. <u>Gall v. United</u> <u>States</u>, 552 U.S. 38, 51 (2007). This review requires consideration of both the procedural and substantive reasonableness of the sentence. <u>Id.</u>; <u>United States v. Lynn</u>, 592 F.3d 572, 575 (4th Cir. 2010). After determining whether the district court correctly calculated the advisory Guidelines range, this court must decide whether the court considered the 18 U.S.C. § 3553(a) (2006) factors, analyzed the arguments

4

presented by the parties, and sufficiently explained the selected sentence. Lynn, 592 F.3d at 575-76; United States v. Carter, 564 F.3d 325, 330 (4th Cir. 2009). If the sentence is free of significant procedural error, this court will review the substantive reasonableness of the sentence. Lynn, 592 F.3d at 575.

We conclude that the district court did not abuse its discretion at sentencing. The court considered the arguments from each party and determined that a middle-of-the-Guidelines sentence was appropriate. We affirm the sentence.

In accordance with Anders, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm Stancil's convictions and sentence. This court requires that counsel inform Stancil, in writing, of the right to petition the Supreme Court of the United States for further review. If Stancil requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Stancil. We dispense with oral argument because the facts and legal contentions are adequately presented in the

materials before this court and argument would not aid the decisional process.

AFFIRMED