**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 12-4651**
_____

UNITED STATES OF AMERICA,

                  Plaintiff - Appellee,

      v.

CALVIN COLWETH GARNER, JR., a/k/a Spoke,

                  Defendant - Appellant.

_____

Appeal from the United States District Court for the Eastern District of North Carolina, at Greenville.  Terrence W. Boyle, District Judge.  (4:10-cr-00079-BO-1)

_____

Submitted:  March 28, 2013         Decided:  April 4, 2013

_____

Before WILKINSON, MOTZ, and AGEE, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Dhamian A. Blue, BLUE STEPHENS & FELLERS LLP, Raleigh, North Carolina, for Appellant.  Jennifer P. May-Parker, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Calvin Colweth Garner, Jr., pled guilty to conspiracy to distribute and possess with intent to distribute fifty grams or more of cocaine base and five kilograms or more of cocaine, 21 U.S.C. § 846 (2006), and conspiracy to launder monetary instruments, 18 U.S.C. § 1956(h) (2006). The district court granted the Government's motion for a downward departure based on Garner's substantial assistance and imposed a below-Guidelines sentence of 330 months' imprisonment. On appeal, Garner's attorney filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that, in his view, there are no meritorious grounds for appeal but questioning whether (1) the district court sufficiently complied with Fed. R. Crim. P. 11 in accepting Garner's guilty plea; (2) the appellate waiver in the plea agreement is valid; and (3) the district court erred in imposing a four-level sentencing enhancement for Garner's leadership role in the offense. Garner has filed a pro se supplemental brief also challenging the enhancement for his role in the offense, as well as the sentencing court's drug quantity determination and imposition of enhancements for obstruction of justice and possession of a firearm. The Government has not filed a response. We affirm.

Prior to accepting a guilty plea, the district court must conduct a plea colloquy in which it informs the defendant

2

of, and determines that the defendant understands: the nature of the charges to which he is pleading guilty, any mandatory minimum penalty, the maximum possible penalty, and the rights he is relinquishing by pleading guilty. Fed. R. Crim. P. 11(b)(1); United States v. DeFusco, 949 F.2d 114, 116 (4th Cir. 1991). Additionally, the district court must ensure that the defendant's plea was voluntary and did not result from force, threats, or promises not contained in the plea agreement. Fed. R. Crim. P. 11(b)(2). Because Garner did not move to withdraw his guilty plea in the district court or raise any objections to the Rule 11 colloquy, we review the colloquy for plain error. United States v. Martinez, 277 F.3d 517, 524-27 (4th Cir. 2002).

We find that the district court substantially complied with Rule 11's requirements, and committed no error warranting correction on plain error review. We therefore affirm Garner's convictions.

Next, Garner's counsel questions the validity of Garner's appeal waiver. In his plea agreement, Garner agreed to waive his right to appeal any sentence unless such sentence exceeded the Sentencing Guidelines range established at sentencing. However, the Government has not sought to enforce the waiver. It is this court's policy not to raise this issue sua sponte. United States v. Poindexter, 492 F.3d 263, 271 (4th Cir. 2007) (stating that, if Anders brief is filed in case with

3

appeal waiver, Government's failure to respond "allow[s] this court to perform the required Anders review"); see United States v. Blick, 408 F.3d 162, 168 (4th Cir. 2005) (stating that, where Government expressly elects not to raise waiver, this court may decline to consider it). Accordingly, by failing to file a response, the Government cannot enforce the appellate waiver in Garner's plea agreement.

Last, Garner's appellate counsel questions the reasonableness of Garner's sentence, specifically challenging the district court's imposition of a four-level enhancement for Garner's role in the offense. In addition to raising this same claim, Garner's pro se supplemental brief also challenges the sentencing court's drug quantity determination (based on the presentence report) and the sentencing court's enhancements for obstruction of justice and possession of a firearm.

This court reviews Garner's sentence for reasonableness under a "deferential abuse-of-discretion standard." Gall v. United States, 552 U.S. 38, 41 (2007). This review entails appellate consideration of both the procedural and substantive reasonableness of the sentence. Id. at 51. In determining procedural reasonableness, this court considers whether the district court properly calculated the defendant's advisory Guidelines range, considered the 18 U.S.C. § 3553(a) (2006) factors, selected a sentence based on clearly erroneous

facts, or failed to explain sufficiently the selected sentence. Id. at 49-51. If the sentence is free of significant procedural error, this court reviews it for substantive reasonableness, "tak[ing] into account the totality of the circumstances." Id. at 51.

Because Garner withdrew all of his objections to the presentence report at sentencing, including the claims regarding drug quantity, the role in the offense enhancement, and the firearm enhancement, appellate review of these claims is waived. Generally, unpreserved errors in sentencing are reviewed for plain error. See Fed. R. Crim. P. 52(b); United States v. Olano, 507 U.S. 725, 731-32 (1993). However, a defendant may waive appellate review of a sentencing error if he raises it and then knowingly withdraws an objection to the error before the district court. See United States v. Horsfall, 552 F.3d 1275, 1283 (11th Cir. 2008) (finding that defendant's withdrawal of objection to upward departure precluded appellate review of departure); United States v. Rodriguez, 311 F.3d 435, 437 (1st Cir. 2002) ("A party who identifies an issue, and then explicitly withdraws it, has waived the issue."). An appellant is precluded from challenging a waived issue on appeal. See Rodriguez, 311 F.3d at 437. Such a waiver is distinguishable "from a situation in which a party fails to make a timely assertion of a right—what courts typically call a 'forfeiture,'"

id. (quoting Olano, 507 U.S. at 733), which, as noted above, may be reviewed on appeal for plain error. See Olano, 507 U.S. at 733-34. Because Garner expressly withdrew his objections at sentencing to the drug quantity determination and the enhancements of which he now seeks review, this court is precluded from considering these issues on appeal.

In accordance with Anders, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm Garner's convictions and sentence. This court requires that counsel inform Garner, in writing, of the right to petition the Supreme Court of the United States for further review. If Garner requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Garner. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED