**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 12-4637**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

DEMARCUS ANTONIO THOMAS,

        Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. William L. Osteen, Jr., District Judge. (1:11-cr-00369-WO-3)

Submitted: June 27, 2013        Decided: July 11, 2013

Before WILKINSON and KEENAN, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Jennifer Haynes Rose, LAW OFFICE OF JENNIFER HAYNES ROSE, Raleigh, North Carolina, for Appellant. Ripley Rand, United States Attorney, Randall S. Galyon, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Demarcus Antonio Thomas pled guilty to conspiracy to distribute 28 or more grams of cocaine base (crack) in violation of 21 U.S.C. § 846 (2006), and was sentenced to 108 months' imprisonment. Thomas appeals his sentence, challenging the quantity of crack attributed to him under U.S. Sentencing Guidelines Manual § 2D1.1 (2011); an enhancement for possession of a firearm during the offense, see USSG § 2D1.1(b)(1); the district court's failure to award him a reduction under the safety valve provision, see USSG § 5C1.2; and the court's refusal to vary below the Guidelines range. He also asserts that he received ineffective assistance of counsel. We affirm.

Thomas and numerous co-defendants sold crack in an area of North Durham, North Carolina, between 2008 and late 2011. Durham police had the area under surveillance, which included a pole camera installed in August 2010, and they conducted controlled purchases of crack using confidential informants who carried audio and video recording equipment. In written objections to the presentence report, Thomas objected to the quantity of crack attributed to him and to the firearm enhancement. He also requested a downward variance, pursuant to 18 U.S.C.A. § 3553(a)(2) (West 2000 & Supp. 2013), to a range of 60-71 months. However, at the sentencing hearing, Thomas stipulated that he was responsible, for sentencing purposes, for

2

280-840 grams of crack, resulting in a base offense level of thirty-two. He also withdrew his objection to the two-level enhancement for possession of a firearm during the offense, and stated that he had no other objections to the presentence report. The district court accepted the stipulation and adopted the presentence report with the resulting changes in the Guidelines calculation. Thomas' new total offense level was 31, and his Guidelines range was 108-135 months.

Thomas' attorney asked for a downward variance to a sentence of eighty-four months based on Thomas' youth (he was twenty-one years old), his positive involvement with his family, and his potential for a law-abiding and productive future life. The district court declined to vary downward, explaining it had considered the Guidelines range and the § 3353(a) factors and concluded that, although Thomas was not a leader in the conspiracy, the offense was serious because such long-term, organized, open air drug sales negatively affected an entire community. The court noted that Thomas had the support of his family, but made bad choices. The court enumerated the § 3553(a) factors and concluded that, in light of all of them, a sentence within the Guidelines range was sufficient, but not greater than necessary. The court imposed a sentence at the bottom of the Guidelines range.

Sentences are reviewed for procedural and substantive reasonableness under an abuse of discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007). Thomas' allegations of error with respect to the drug amount and firearm enhancement assert a miscalculation of the Guidelines range, which is a significant procedural error. Id. However, when Thomas raised and subsequently withdrew objections to the drug quantity and the firearm enhancement in the district court, he waived appellate review of those issues. See United States v. Horsfall, 552 F.3d 1275, 1283 (11th Cir. 2008) (finding that defendant's withdrawal of objection to sentence enhancement precluded appellate review of enhancement); United States v. Rodriguez, 311 F.3d 435, 437 (1st Cir. 2002) ("[A] party who identifies an issue, and then explicitly withdraws it, has waived the issue."). An appellant is precluded from challenging a waived issue on appeal. See Rodriguez, 311 F.3d at 437. Such a waiver is distinguishable "from a situation in which a party fails to make a timely assertion of a right - what courts typically call a 'forfeiture,'" id. (quoting United States v. Olano, 507 U.S. 725, 733 (1993)), which may be reviewed on appeal for plain error. Thomas objected to the amount of crack attributed to him in the presentence report and to the firearm enhancement, but withdrew both objections at the sentencing hearing. He has therefore waived review of both issues.

4

In his reply brief, Thomas argues that, regardless of his withdrawal of his objections to the presentence report, the district court erred in making the firearm enhancement because there was no evidence that he had personally possessed a weapon during or in connection with his drug sales. However, the enhancement applies "if the weapon was present, unless it is clearly improbable that the weapon was connected with the offense." USSG § 2D1.1 cmt. n.3(A).

The presentence report contained information from one of Thomas's co-defendants that Thomas had joined other conspirators in pooling money to buy firearms. These weapons were hidden in the Canal Street area, where they were available to Thomas and the other dealers if needed. One of the dealers with whom Thomas sold crack was seen on the surveillance camera handling a firearm and hiding it in a trash can where police officers later found it. Although Thomas was not seen carrying a firearm, the firearm was present, and the conduct of his co-conspirators in furtherance of the conspiracy was properly attributed to him as relevant conduct under USSG § 1B1.3(a)(1)(B). Because Thomas did not make an affirmative showing that the information in the presentence report was inaccurate, the district court was free to accept it "without more specific inquiry or explanation." United States v. Terry,

916 F.2d 157, 162 (4th Cir. 1990) (internal quotation marks and citation omitted).

Thomas contends that his within-Guidelines sentence was unreasonably long because the district court failed to "reasonably consider" the § 3553(a) factors which, in his view, supported a below-Guidelines sentence. He also claims that the district court failed to explain adequately its reasons for not varying below the Guidelines range. However, the district court properly calculated Thomas's sentencing range, considered and discussed the relevant § 3553(a) factors, and imposed a sentence within the applicable sentencing range. This court treats a sentence within a properly calculated Guidelines range as presumptively reasonable. United States v. Mendoza-Mendoza, 597 F.3d 212, 216 (4th Cir. 2010). Thomas has not overcome the presumption of reasonableness accorded his within-Guidelines sentence. See Rita v. United States, 551 U.S. 338, 347 (2007).

Next, Thomas argues that the district court erred by not sua sponte awarding him a two-level reduction in offense level under § 5C1.2, which is applicable if the defendant meets the five criteria set out in 18 U.S.C. § 3553(f) (2006). One requirement is that the defendant not have possessed a firearm in connection with the offense. The defendant has the burden of showing that he has met the prerequisites. United States v. Aidoo, 670 F.3d 600, 605 (4th Cir.), cert. denied, 133 S. Ct.

6

627 (2012). Because Thomas did not request application of the safety valve reduction in the district court, his claim of error in this appeal is reviewed for plain error. United States v. Olano, 507 U.S. 725, 731 (1993). By withdrawing his objection to the firearm enhancement under § 2D1.1, Thomas effectively conceded that he had possessed a firearm with his co-defendants in furtherance of their mutual drug trafficking. Therefore, the district court did not plainly err in failing, sua sponte, to award Thomas a safety valve reduction.

Last, Thomas alleges that his attorney rendered ineffective assistance at sentencing by withdrawing his objection to the firearm enhancement under § 2D1.1(b)(1) and thus precluding him from qualifying for a safety valve reduction under § 5C1.2. Ineffective assistance claims are not generally addressed on direct appeal unless an attorney's ineffectiveness is conclusively apparent on the face of the record. United States v. Baldovinos, 434 F.3d 233, 239 (4th Cir. 2006). Counsel's ineffectiveness is not conclusively apparent on the face of this record; therefore, this claim is more properly raised on a motion to vacate under 28 U.S.C.A. § 2255 (West Supp. 2013).

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal

7

contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED