UNITED STATES of America,
Appellee,

v.

Robert S. RODRIGUEZ, Defendant,
Appellant.

No. 01–2639.

United States Court of Appeals,
First Circuit.

Submitted Oct. 4, 2002.

Decided Nov. 12, 2002.

Bruce Green on brief for appellant.

Paula D. Silsby, United States Attorney, and Margaret D. McGaughey, Assistant United States Attorney (Appellate Chief), on brief for appellee.

Before SELYA, Circuit Judge, COFFIN and CYR, Senior Circuit Judges.

SELYA, Circuit Judge.

After defendant-appellant Robert S. Rodriguez pleaded guilty to manufacturing cocaine base (crack cocaine), the district court sentenced him as a career offender. In this appeal, Rodriguez argues that his state-court conviction for burglary of a building other than a dwelling was improperly treated as a predicate offense for purposes of the career offender designation and, accordingly, that his sentence should be vacated. We find his argument waived and, in all events, unpersuasive. Consequently, we affirm the sentence.

The background facts are uncontroversial. A federal grand jury empaneled in the District of Maine returned a second superseding indictment against the appellant on April 10, 2001. All five counts charged narcotics-related offenses. On July 12, 2001, the appellant entered a guilty plea to count 5 (which alleged a violation of 21 U.S.C. § 841(a)(1)), on the understanding that the other four counts would be dismissed.

The probation department prepared a presentence investigation report (PSI Report). The PSI Report limned a criminal record that was quite lengthy for a 30–year–old defendant. In the litany of offenses, the probation department identified two prior felony convictions that it viewed as qualifying predicates and recommended that the appellant be sentenced as a career offender under USSG §§ 4B1.1, 4B1.2. The appellant initially objected to this recommendation on the ground that one of those prior convictions—a state-court conviction for burglary of a structure other than a dwelling—did not constitute a predicate offense for purposes of the career offender guideline.

The district court convened the disposition hearing on November 8, 2001. At that time, the appellant withdrew his objection to the PSI Report's characterization of his prior burglary conviction as a predicate offense. The court thereupon sentenced him as a career offender, imposed a 160–month incarcerative term, and dismissed counts 1–4 of the indictment.[1] This appeal followed. The matter comes before us on the government's motion for summary affirmance. See 1st Cir. R. 27(c).

Under the sentencing guidelines, a defendant is treated as a career offender if:

[T]he defendant was at least eighteen years old at the time the defendant com-

---

1. The career offender designation was plainly material inasmuch as it catapulted the appellant's base offense level from 13 to 29. In turn, this increased his guideline sentencing range from 30–37 months to 151–188 months.

mitted the instant offense; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

USSG § 4B1.1 (2000). The appellant concedes that he meets the first two criteria. The third provides the battleground on which this appeal is fought.

On that point, the appellant admits that his 1989 conviction for distribution of cocaine, entered in a Massachusetts state court, qualifies as a predicate offense. He maintains, however, that the second prior conviction on which the government relies—a 1996 Maine state conviction for burglary of a building other than a residence—does not fall within the ambit of the career offender guideline. Because the appellant does not dispute that this conviction took place, but, rather, challenges its legal sufficiency as a basis for career offender treatment, his appeal presents a pure question of law. Accordingly, we afford de novo review. *See United States v. Fiore,* 983 F.2d 1, 2 (1st Cir. 1992).

■ Before reaching the merits of the appellant's challenge, however, a threshold matter looms. The government asseverates that the appellant waived the claim that he attempts to advance on appeal. We turn first to that asseveration.

■ A party waives a right when he intentionally relinquishes or abandons it. *Johnson v. Zerbst,* 304 U.S. 458, 464, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938); *United States v. Mitchell,* 85 F.3d 800, 807 (1st Cir.1996). This is to be distinguished from a situation in which a party fails to make a timely assertion of a right—what courts typically call a "forfeiture." *United States v. Olano,* 507 U.S. 725, 733, 113 S.Ct. 1770,

123 L.Ed.2d 508 (1993). The difference is critical: a waived issue ordinarily cannot be resurrected on appeal, *see, e.g., United States v. Ross,* 77 F.3d 1525, 1542 (7th Cir.1997), whereas a forfeited issue may be reviewed for plain error, *Olano,* 507 U.S. at 733–34, 113 S.Ct. 1770.

■ It is apparent to us that the appellant consciously waived the issue that he now seeks to debate. Initially, he objected to the PSI Report, claiming that his 1996 burglary conviction did not constitute a predicate offense for career offender purposes. Having identified that issue, he then deliberately withdrew his objection. Moreover, he reiterated that withdrawal before the district court both personally and through counsel. A party who identifies an issue, and then explicitly withdraws it, has waived the issue. That tenet is applicable here. Indeed, it is difficult to conceive of a more conspicuous example of a knowing and voluntary abandonment of a legal right than what transpired below. We hold, therefore, that the appellant is bound by his express waiver and cannot resurrect his forgone challenge to the legal sufficiency of the predicate offense in this venue. *See United States v. Davis,* 121 F.3d 335 338 (7th Cir.1997); *Mitchell,* 85 F.3d at 807.

■ We hasten to add that, even if the appellant's objection were open to plain error review, it nonetheless would fail. To succeed under that standard, an appellant must establish four things: "(1) that an error occurred (2) which was clear or obvious and which not only (3) affected the [appellant's] substantial rights, but also (4) seriously impaired the fairness, integrity, or public reputation of judicial proceedings." *United States v. Duarte,* 246 F.3d 56, 60 (1st Cir.2001). In this instance, the appellant cannot make even the first of these showings.

As to the incidence *vel non* of error, the appellant's plaint stands or falls on whether his prior burglary conviction constitutes a "crime of violence" as that term is used in the career offender guideline.[2] That conviction occurred in a Maine state court. The statute of conviction provided in pertinent part that:

> A person is guilty of burglary if he enters or surreptitiously remains in a structure, knowing that he is not licensed or privileged to do so, with the intent to commit a crime therein. Burglary is ... [a] Class B crime if ... [t]he violation was against a structure that is a dwelling place ... All other burglary is a Class C crime.

Me.Rev.Stat. Ann. tit 17–A, § 401 (1996). The record makes manifest that the appellant's offense was a Class C felony (and, therefore, did not implicate a dwelling).

Against this backdrop, we turn to the federal sentencing scheme. The applicable definition is contained in USSG § 4B1.2(a) (quoted *supra* note 2). Because the Maine burglary statute does not include as an element the use, attempted use, or threatened use of force against the person of another, and because the appellant's burglary conviction does not involve a dwelling, that conviction cannot be classified as a crime of violence for federal sentencing purposes unless it "otherwise involves conduct that presents a serious potential risk of physical injury to another." *Id.* We undertake that inquiry.

In doing so, we do not write on a pristine page. We encountered this precise issue a decade ago and concluded that a conviction for breaking and entering a structure other than a dwelling created such a risk (and, therefore, constituted a crime of violence within the meaning of the career offender guideline). *Fiore,* 983 F.2d at 4 (holding that burglary of a commercial building, under an analogous Rhode Island statute, "poses a potential for episodic violence so substantial as to bring such burglaries within the ... crime of violence ambit"). That holding remains in full force and effect.

■ The appellant acknowledges that *Fiore* is materially indistinguishable from this case. He argues, however, that *Fiore* was wrongly decided and invites us to repudiate it. We decline the invitation. While the courts of appeals are not unanimous as to the correctness of *Fiore*'s core holding—some circuits have followed in *Fiore*'s footsteps, *e.g., United States v. Wilson,* 168 F.3d 916, 926 (6th Cir.1999); *United States v. Hascall,* 76 F.3d 902, 905 (8th Cir.1996), and others have not, *e.g., United States v. Spell,* 44 F.3d 936, 938 (11th Cir.1995); *United States v. Smith,* 10 F.3d 724, 732–33 (10th Cir.1993) (per curiam)—we are bound by the law of the circuit doctrine. That doctrine "holds a prior panel decision inviolate absent either the occurrence of a controlling intervening event (e.g., a Supreme Court opinion on the point; a ruling of the circuit, sitting en banc; or a statutory overruling) or, in extremely rare circumstances, where non-controlling but persuasive case law sug-

---

**2.** The relevant guideline defines the term as follows:

> (a) The term "crime of violence" means any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that—
>> (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or
>> (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

USSG § 4B1.2(a) (2000).

gests such a course." *United States v. Chhien,* 266 F.3d 1, 11 (1st Cir.2001); *accord Williams v. Ashland Eng'g Co.,* 45 F.3d 588, 592 (1st Cir.1995); *United States v. Wogan,* 938 F.2d 1446, 1449 (1st Cir. 1991). Neither circumstance exists here.

That ends the matter. We have steadfastly rejected earlier entreaties to disavow *Fiore, see, e.g., Chhien,* 266 F.3d at 11; *United States v. Sawyer,* 144 F.3d 191, 196 (1st Cir.1998); *United States v. Dyer,* 9 F.3d 1, 2 (1st Cir.1993), and we see no justification for reaching a different result today.[3]

■ In a last-ditch effort to avoid the force of *stare decisis,* the appellant argues that *Fiore* has been implicitly overruled by our decision in *United States v. Peterson,* 233 F.3d 101 (1st Cir.2000). Implied overrulings are disfavored in the law, *Chhien,* 266 F.3d at 11, and we discern no trace of one here.

In *Peterson,* this court concluded that the defendant's conviction under a Rhode Island breaking and entering statute, R.I. Gen. Laws § 11–8–2, did not qualify as a violent felony within the "otherwise" clause of the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e). *Peterson,* 233 F.3d at 109. We took pains, however, to differentiate the case from *Fiore. See id.* at 110. When read together, *Peterson* and *Fiore* merely illustrate the truism that, in certain circumstances, definitional differences exist between the ACCA and the career offender guideline. *See United States v. Dueno,* 171 F.3d 3, 6 (1st Cir. 1999) (stating that truism); *see also Chhien,* 266 F.3d at 11 (finding *Peterson* not inconsistent with *Fiore* and noting, inter alia, that "[u]nlike commercial bur-

glary, ... the breaking and entering charge in *Peterson* did not require proof of specific intent").

We need go no further. Because it "clearly appear[s] that no substantial question is presented" in this appeal, 1st Cir. R. 27(c), we summarily affirm the appellant's sentence.

*Affirmed.*

---

**3.** It is notable that our earlier cases include two in which we considered convictions under the same statute that pertains to the appellant, Me.Rev.Stat. Ann. tit. 17–A, § 401. In those cases, we held flatly that convictions thereunder for burglaries of structures other than dwellings qualified as crimes of violence within the purview of the career offender guideline. *See Sawyer,* 144 F.3d at 196; *Dyer,* 9 F.3d at 2.