**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-4256**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

DONALD R. KISER, D.O.,

        Defendant - Appellant.

Appeal from the United States District Court for the Southern District of West Virginia, at Charleston. Joseph R. Goodwin, Chief District Judge. (2:07-cr-00074-1)

Submitted: March 25, 2009      Decided: April 16, 2009

Before NIEMEYER, GREGORY, and AGEE, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Troy N. Giatras, THE GIATRAS LAW FIRM, PLLC, Charleston, West Virginia, for Appellant. Charles T. Miller, United States Attorney, Monica K. Schwartz, Assistant United States Attorney, Charleston, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Donald R. Kiser pled guilty, pursuant to a plea agreement, to conspiracy to distribute oxycodone, hydrocodone, and alprazolam, in violation of 21 U.S.C. § 846 (2006). Kiser raises two issues on appeal. First, Kiser argues that the district court erred by applying a two-level sentence enhancement, pursuant to U.S. Sentencing Guidelines Manual § 3B1.4 (2007), for the use of a minor in the commission of an offense. Second, Kiser contends that the district court did not adequately consider the 18 U.S.C. § 3553(a) (2006) sentencing factors when imposing Kiser's sentence. As both issues raised by Kiser on appeal are barred by waiver, we affirm.

"Regardless of whether the sentence imposed is inside or outside the [g]uidelines range, the appellate court must review the sentence under an abuse-of-discretion standard." Gall v. United States, 128 S. Ct. 586, 597 (2007). Appellate courts are charged with reviewing sentences for reasonableness under an abuse of discretion standard. Id. at 594, 597. Reasonableness review requires appellate consideration of both the procedural and substantive reasonableness of a sentence. Id. at 597.

However, a defendant may waive appellate review of an alleged error in sentencing if he raises and then knowingly withdraws an objection to the error. See United States v.

2

*Horsfall*, 552 F.3d 1275, 1283 (11th Cir. 2008) (finding that defendant's withdrawal of objection to sentence enhancement precluded appellate review of enhancement); *United States v. Rodriguez*, 311 F.3d 435, 437 (1st Cir. 2002) ("[A] party who identifies an issue, and then explicitly withdraws it, has waived the issue."). An appellant is precluded from challenging a waived issue on appeal. See *Rodriguez*, 311 F.3d at 437.

Here, Kiser explicitly objected to the probation officer's application of a two-level enhancement under USSG § 3B1.4 for use of a minor in the commission of an offense. However, Kiser withdrew this objection during his sentencing hearing in order to receive the benefit of a downward adjustment for acceptance of responsibility. Thus, Kiser's withdrawal of his prior objection amounts to a waiver of this issue, and he is precluded from challenging it on appeal.

Similarly, the Government contends that Kiser waived his right to appeal the reasonableness of his sentence in his plea agreement. Whether a defendant effectively waived his right to appeal pursuant to a plea bargain is an issue of law that is reviewed de novo. *United States v. Blick*, 408 F.3d 162, 168 (4th Cir. 2005). A waiver will be enforced if the record shows the waiver is valid and the challenged issue falls within the scope of the waiver. *Id.* An appeal waiver is valid if it is "the result of a knowing and intelligent decision to forego

the right to appeal." United States v. Broughton-Jones, 71 F.3d 1143, 1146 (4th Cir. 1995) (internal quotation marks and citations omitted). To decide whether a defendant's waiver results from a knowing and intelligent decision, we examine "'the particular facts and circumstances surrounding that case, including the background, experience and conduct of the accused.'" United States v. Davis, 954 F.2d 182, 186 (4th Cir. 1992) (quoting Johnson v. Zerbst, 304 U.S. 458, 464 (1938)). Generally, if the district court fully questions a defendant at his Fed. R. Crim. P. 11 proceeding regarding the waiver of his right to appeal, the waiver is both valid and enforceable. See United States v. Johnson, 410 F.3d 137, 151 (4th Cir. 2005).

Here, Kiser argues that the district court erred in failing to adequately consider the § 3553(a) factors when determining Kiser's sentence – a challenge to the procedural reasonableness of the sentence. See Gall, 128 S. Ct. at 597. However, in his plea agreement, Kiser waived his right to appeal the reasonableness of any sentence imposed by the district court that fell within the guideline range, reserving the right to challenge the district court's guidelines calculations. As this is not a challenge to the district court's calculation of the guideline range, and Kiser's sentence fell within the guideline range, Kiser has waived his right to appeal this issue if we find his waiver valid.

There is no question that Kiser is an intelligent and learned individual, capable of understanding his plea agreement and the waiver contained therein. Moreover, prior to accepting Kiser's guilty plea, the district court conducted a thorough Fed. R. Crim. P. 11 colloquy. The court questioned Kiser regarding his knowledge of the contents of the plea agreement and the rights he was waiving by pleading guilty, specifically his right to appeal the reasonableness of his sentence. The district court further verified that Kiser's plea was entered freely and voluntarily; that he was not suffering from any emotional or mental illness; and that he was not currently under the influence of any medicine, drugs, or alcohol. Accordingly, as it is abundantly clear that Kiser's appeal waiver was "the result of a knowing and intelligent decision to forego the right to appeal," Broughton-Jones, 71 F.3d at 1146, we find that Kiser's appeal waiver is valid and enforceable, and he is barred from appealing the reasonableness of his sentence.

As Kiser has waived his right to appeal both of the issues before us, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED