**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

—————

**No. 13-4620**

—————

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

     v.

DEWAYNE ROY WILSON, a/k/a Dub, a/k/a New Jersey, a/k/a Jonah
James Levant, III,

        Defendant - Appellant.

—————

Appeal from the United States District Court for the Western
District of Virginia, at Charlottesville.  Glen E. Conrad, Chief
District Judge.  (3:12-cr-00035-GEC-BWC-1)

—————

Submitted:  May 1, 2014          Decided:  May 6, 2014

—————

Before WILKINSON, AGEE, and WYNN, Circuit Judges.

—————

Affirmed and remanded by unpublished per curiam opinion.

—————

Larry W. Shelton, Federal Public Defender, Christine Madeleine
Lee, Research & Writing Attorney, Roanoke, Virginia, for
Appellant.  Timothy J. Heaphy, United States Attorney, Ryan M.
Christian, Sr., Special Assistant United States Attorney,
Catherine Fata, 3rd Year Law-Student Intern, Charlottesville,
Virginia, for Appellee.

—————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

DeWayne Roy Wilson was convicted by a jury of conspiracy to distribute and possess with intent to distribute 100 grams of heroin, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B), 846 (2012), and distribution of cocaine, possession with intent to distribute heroin, and possession with intent to distribute crack cocaine, all in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C) (2012). At sentencing, Wilson withdrew his objections to the presentence investigation report (PSR) and the Sentencing Guidelines calculations therein. The district court sentenced Wilson to 168 months of imprisonment. On appeal, Wilson contests only the district court's imposition of a two-level enhancement for his leadership role in the offense. He argues that the evidence showed that he did not exercise control over or direct the actions of any other person, but merely acted in concert with them. We affirm.

Generally, unpreserved errors in sentencing are reviewed for plain error. See Fed. R. Crim. P. 52(b); United States v. Olano, 507 U.S. 725, 731-32 (1993). However, a defendant may waive appellate review of a sentencing error if he raises and then knowingly withdraws an objection to the error before the district court. See United States v. Horsfall, 552 F.3d 1275, 1283 (11th Cir. 2008) (finding that defendant's withdrawal of objection to upward departure precluded appellate

review of departure); <u>United States v. Rodriguez</u>, 311 F.3d 435, 437 (1st Cir. 2002) ("A party who identifies an issue, and then explicitly withdraws it, has waived the issue.").

An appellant is precluded from challenging a waived issue on appeal. <u>Id.</u> Such a waiver is distinguishable "from a situation in which a party fails to make a timely assertion of a right—what courts typically call a 'forfeiture,'" <u>id.</u> (quoting <u>Olano</u>, 507 U.S. at 733), which, as noted above, may be reviewed on appeal for plain error. <u>Olano</u>, 507 U.S. at 733-34. In this case, as noted above, counsel withdrew all objections to the PSR. Wilson has therefore waived appellate review of the propriety of the enhancement for a leadership role.

Accordingly, we affirm the district court's judgment. We remand to the district court, however, for correction of two minor clerical errors in the written judgment. The "nature of offense" description of counts three and four should be amended to read "Possession with Intent to Distribute heroin," and "Possession with Intent to Distribute "crack" cocaine," respectively, and the count numbers should be amended to reflect that the counts were in a superseding indictment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>AFFIRMED AND REMANDED</u>

3