**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 14-4460**

UNITED STATES OF AMERICA,

          Plaintiff - Appellee,

    v.

DIONYSIS WILLIAMS, a/k/a DD,

          Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. Louise W. Flanagan, District Judge. (5:13-cr-00015-FL-1)

Submitted: January 29, 2015        Decided: March 13, 2015

Before WYNN and DIAZ, Circuit Judges, and DAVIS, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Jorgelina E. Araneda, ARANEDA LAW FIRM, P.C., Raleigh, North Carolina, for Appellant. Thomas G. Walker, United States Attorney, Jennifer P. May-Parker, Kristine L. Fritz, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

A federal grand jury indicted Dionysis Williams on seven counts: conspiracy to distribute and possess with intent to distribute 280 grams or more of crack, in violation of 21 U.S.C. § 846 (2012) (Count One); distribution of a quantity of crack on five occasions in 2010 and 2012, in violation of 21 U.S.C. § 841(a)(1) (2012) (Counts Two, Three, Five, Six, and Seven); and possession of a firearm by a convicted felon, in violation of 18 U.S.C §§ 922(g)(1), 924 (2012) (Count Four). Without a plea agreement, Williams pled guilty to all seven counts. The district court sentenced Williams to concurrent 165-month terms on the drug counts and a concurrent 120 months on the firearm count. Williams timely appeals. For the reasons that follow, we affirm.

Williams first seeks to challenge the drug quantity attributed to him for sentencing purposes. Generally, unpreserved sentencing errors are reviewed for plain error. See Fed. R. Crim. P. 52(b); United States v. Olano, 507 U.S. 725, 731–32 (1993). However, a defendant may waive appellate review of a sentencing issue if he raises and then knowingly withdraws an objection to the issue before the district court. See United States v. Horsfall, 552 F.3d 1275, 1283 (11th Cir. 2008) (finding that defendant's withdrawal of objection to upward departure precluded appellate review of departure); United

2

States v. Rodriguez, 311 F.3d 435, 437 (1st Cir. 2002) ("A party who identifies an issue, and then explicitly withdraws it, has waived the issue.").

An appellant is precluded from challenging a waived issue on appeal. Id. Such a waiver is distinguishable "from a situation in which a party fails to make a timely assertion of a right — what courts typically call a 'forfeiture,'" id. (quoting Olano, 507 U.S. at 733), which, as noted above, may be reviewed on appeal for plain error. Olano, 507 U.S. at 733-34. In this case, the parties stipulated at sentencing to the drug quantity, and Williams specifically waived his objections to the drug weight calculations. Williams has therefore waived appellate review of the drug quantity attributed to him for sentencing purposes.

Next, Williams argues that he was denied effective assistance of counsel at sentencing. We decline to reach Williams' claims of ineffective assistance of counsel. Unless an attorney's ineffectiveness conclusively appears on the face of the record, ineffective assistance claims are not generally addressed on direct appeal. United States v. Benton, 523 F.3d 424, 435 (4th Cir. 2008). Instead, such claims should be raised in a motion brought pursuant to 28 U.S.C. § 2255 (2012), in order to permit sufficient development of the record. United States v. Baptiste, 596 F.3d 214, 216 n.1 (4th Cir. 2010).

3

Because there is no conclusive evidence of ineffective assistance of counsel on the face of this record, we conclude that these claims should be raised, if at all, in a § 2255 motion.

Accordingly, we affirm Williams' sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>AFFIRMED</u>

4