**Not for Publication in West's Federal Reporter**

# United States Court of Appeals

## For the First Circuit

No. 14-1015

UNITED STATES OF AMERICA,

Appellee,

v.

JAMES A. SWEENEY,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE

[Hon. John A. Woodcock, Jr., U.S. District Judge]

Before

Torruella, Howard, and Thompson,
Circuit Judges.

Paul J. Garrity on brief for appellant.
Renée M. Bunker, Assistant United States Attorney, and
Thomas E. Delahanty II, United States Attorney, on brief for
appellee.

April 7, 2015

**PER CURIAM.** Appellant James Sweeney appeals the 70-month prison sentence meted out to him after he pleaded guilty to conspiracy to possess with intent to distribute more than 100 kilograms of marijuana. He also appeals a "stay dry" condition of supervised release prohibiting him from possessing or consuming alcohol for four years after his release from prison. We have already affirmed the 72-month sentence of Sweeney's partner in crime, Gerald Rich. United States v. Rich, 589 F. App'x 549 (1st Cir. 2015) (per curiam). As with Rich, "[t]here is no reason to tarry" over Sweeney's appellate arguments. Id.

**1. Sentence**

We begin with Sweeney's challenge to his sentence. Eschewing any complaint about its procedural reasonableness, and forgoing any argument that the district court came up with the wrong sentencing range or misapplied the United States Sentencing Guidelines ("Guidelines"), Sweeney says only that it was substantively unreasonable. In essence, Sweeney argues that he is entitled to a downward variance from the Guidelines-recommended range of 70-87 months. He suggests 36 months would be appropriate, and he asks us to vacate his 70-month sentence and remand for resentencing. Our review is for abuse of discretion. United States v. Ayala-Vazquez,751 F.3d 1, 29 (1st Cir.), cert. denied sub nom. Ayala-Vasquez v. United States, 135 S. Ct. 289 (2014) and

cert. denied sub nom. Cruz-Vasquez v. United States, 135 S. Ct. 467 (2014).

Sweeney's arguments boil down to an expression of disappointment about the weight the district judge gave to various aspects of his personal history and characteristics, along with assurances that his family "would be behind him" while he was in prison, compared to the weight given to the facts about his specific involvement in a significant and growing drug smuggling operation. Such an attack bears no fruit. "That the court chose to attach less significance to certain mitigating circumstances than [Sweeney] thinks they deserved does not make his sentence substantively unreasonable." United States v. Colón-Rodríguez, 696 F.3d 102, 108 (1st Cir. 2012); see also United States v. Rossignol, ___ F.3d ___, 2015 WL 1136485 at *4 (1st Cir. Mar. 16, 2015) ("That the defendant would prefer an alternative weighing of the circumstances does not undermine the district court's sentencing decision.").

Sweeney also takes issue with what he considers to be the district judge's failure to take into account his good behavior while out on pre-sentence release. Specifically, he claims the judge "made no mention of . . . his good conduct, over an approximate year and a half time period, while on pre-sentence release." This conduct includes his gainful employment and the lack of any additional trouble with the law prior to sentencing.

What's more, Sweeney believes his relative youth demonstrates his rehabilitative potential and should count in his favor, too.

The problems with Sweeney's position are two-fold. First, as a factual matter, the record shows that the district judge did consider Sweeney's youth and his good post-arrest behavior in crafting the sentence. Indeed, the district judge explicitly recognized that, "[a]fter his arrest and release, [Sweeney] worked as a roofer in Portland." As far as Sweeney's argument about his age goes, the judge stated that he saw "an enormous amount of potential" in Sweeney, and told Sweeney that he would have the opportunity to "put this felony . . . behind [him]" when he gets out of jail and "use . . . his talents in a legal and constructive way to go out and carve out a good life for [himself]." So, we see that Sweeney's complaint lacks factual support in the record, and his real beef is with how the district judge factored these personal characteristics into the overall sentencing calculus.

This brings us to the second area of weakness: that the district judge found Sweeney's mitigation evidence to be outweighed by other relevant considerations[1] does not mean that Sweeney's

---

[1] For example, the judge stated that Sweeney had "committed a serious federal crime, that there's a lot of money involved, and there are a lot of dangers in this type of illegal activity, and that if people sitting out there hear that . . . people like you are treated leniently, they will be encouraged to do it and to follow in your footsteps."

sentence is substantively unreasonable.  See Colón-Rodríguez, 696 F.3d at 108.  Though the district court may give significant weight to a defendant's pre-sentence rehabilitation if appropriate in a particular case, cf. Pepper v. United States, 131 S. Ct. 1229, 1241 (2011), we have never required a sentencing judge to automatically tip the scale in favor of that consideration.  The lynchpin of our analysis, whether the district court adequately weighed the relevant statutory factors and whether it provided a "plausible sentencing rationale," United States v. Martin, 520 F.3d 87, 96 (1st Cir. 2008), remains unchanged.[2]

In that regard, after an exhaustive hearing the district judge concluded that Sweeney was the "brains behind the [drug] operation."  Sweeney used his contacts in Mexico to get hundreds of pounds of marijuana into the United States for eventual distribution in Maine.  The district judge characterized Rich and Sweeney as "equal partner[s]" in their drug operation, a logical finding given that Rich would have had no product to sell without

---

[2] Sweeney relies heavily on Martin, a case in which we upheld a downward variance of 91 months where the defendant "made a particularly striking impression."  520 F.3d at 94.  Yet it takes but a moment's thought to recognize that affirming a downward variance granted by one sentencing judge has nothing at all to do with whether Sweeney's bottom-of-the-range Guidelines sentence was substantively unreasonable.  Further, in Martin we noted that "there are valid reasons for regarding professions of post-offense rehabilitation skeptically," and "separating wheat from chaff is primarily a task for the district court."  Id. at 93.

Sweeney, and Sweeney would not have been able to sell his drugs on the street without Rich.

Considering the overall record, we conclude that Sweeney has not come close to adducing the type of "fairly powerful mitigating reasons" necessary to stand a chance of convincing an appellate court that "the district judge was unreasonable in balancing pros and cons" when passing sentence. Ayala-Vazquez, 751 F.3d at 32-33 (quoting United States v. Batchu, 724 F.3d 1, 14 (1st Cir. 2013)) (internal quotation marks omitted). And, as we recently reiterated in affirming Rich's 72-month sentence, "[i]n the mine-run of criminal cases there is no single appropriate sentence but, rather, a universe of reasonable sentences." Rich, 589 F. App'x at 549 (citing United States v. Walker, 665 F.3d 212, 234 (1st Cir. 2011)). We are satisfied that Sweeney's sentence fits comfortably within that universe. Accordingly, the judge did not abuse his discretion in imposing the bottom-of-the-range 70-month sentence.

### 2. "Stay dry" Condition of Supervised Release

Having disposed of the first ground of appeal, we come now to the second. Sweeney, recognizing that he failed to object to any of the conditions of supervised release at sentencing, says that the district court plainly erred in prohibiting him from possessing or using alcohol while he is out on supervised release. The crux of his argument is that he was convicted of a drug-related

crime, not an alcohol-related one, and that there is nothing about his personal history or characteristics that warrants prohibiting him from drinking when he gets out of prison.

Although the government does respond to the merits of Sweeney's argument, it first urges us to find that he did not merely forfeit the objection, he waived it completely. We agree.

The Presentence Investigation Report ("PSR") concluded by listing special conditions of supervised release recommended to the district court. The first of these proposed conditions would prohibit Sweeney from "us[ing] or possess[ing] any controlled substance, alcohol, or other intoxicant." Although Sweeney objected to other aspects of the PSR, he did not object to the "stay dry" recommendation.

Then, at the sentencing hearing, the district judge advised Sweeney of the following before he passed sentence:

> I'm going to place you, as I did Mr. Rich, on four years of supervised release. I'm going to impose some conditions. Those conditions will include drug treatment. I don't want you slipping back to your old ways of marijuana abuse and alcohol abuse. I'm not going to trust you on that. I'm going to require that you get tested and make sure that you're not going back and abusing drugs and alcohol.

Shortly thereafter, and as promised, the judge imposed this particular condition, decreeing that Sweeney "shall not use or possess any controlled substance, alcohol, or other intoxicant" while on supervised release. After imposing other conditions and

discussing a potential fine, the following colloquy with defense counsel ensued:

> The Court: Is there any objection to the terms of supervised release on the part of the defendant?
>
> [Counsel]: No. No, there is not, Judge. Thank you.

Sweeney did not file any post-sentencing motions, and waited until this appeal to express any dissatisfaction with the "stay dry" provision.

On this record, Sweeney's conduct smacks to us of waiver, not forfeiture. We have previously determined that

> [a] party waives a right when he intentionally relinquishes or abandons it. This is to be distinguished from a situation in which a party fails to make a timely assertion of a right-what courts typically call a "forfeiture." This difference is critical: a waived issue ordinarily cannot be resurrected on appeal, whereas a forfeited issue may be reviewed for plain error.

United States v. Sánchez-Berríos, 424 F.3d 65, 74 (1st Cir. 2005) (quoting United States v. Rodriguez, 311 F.3d 435, 437 (1st Cir. 2002)). We have also concluded that a party waives an objection by affirmatively agreeing with a judge's proposed course of action. United States v. DeLeon, 704 F.3d 189, 192-93 (1st Cir. 2013) (finding a party waived objection to providing jurors with certain demonstrative aids when counsel acquiesced by stating, multiple times, things like "I'm fine with that" in response to the judge's proposal to send the aids in to the jury room). And when talking

about a condition of supervised release, we have held that waiver occurs where a party fails to object to it "at sentencing or by post-trial motion." United States v. Elwell, 984 F.2d 1289, 1298 (1st Cir. 1993).

We find these principles controlling here. Sweeney was aware of the proposed "stay dry" condition from the PSR. At sentencing, the district judge told Sweeney that he would impose this very condition. The judge explained his reasoning--he doesn't want Sweeney to backslide after he gets out of jail--on the record.[3] The judge went on to impose this exact condition, then explicitly asked defense counsel whether he had any objection to the terms of supervised release just imposed. Counsel responded with an unequivocal "No."

From these facts, there is no doubt that Sweeney affirmatively relinquished his right to challenge the "stay dry" condition. Accordingly, we affirm the "stay dry" condition of supervised release.

---

[3] In Elwell, we pointed out that the failure to object "[made] it impossible to assess the district court's reasons for adding in [the] condition." 984 F.2d at 1298. Here, of course, we know the district judge's reasoning for imposing the "stay dry" condition. Sweeney's failure to object to a condition that he knew was coming deprived the district judge of the opportunity to consider Sweeney's arguments against that condition. The failure to object when a sentencing judge explains why he is imposing a particular condition supports a finding of waiver just as much (if not more) than the record in Elwell, which was devoid of both an objection to and the reasoning behind the imposed condition.

To reiterate, there is no merit to any argument Sweeney makes in his appeal.  We, therefore, summarily affirm his 70-month sentence and the "stay dry" condition of supervised release.  <u>See</u> 1st Cir. R. 27.0(c).