# United States Court of Appeals
## For the First Circuit

No. 22-1158

CÁMARA DE MERCADEO, INDUSTRIA Y DISTRIBUCIÓN DE ALIMENTOS, INC.,

Plaintiff, Appellant,

v.

DOMINGO EMANUELLI-HERNÁNDEZ, in his official capacity as
Attorney General for the Commonwealth of Puerto Rico, and JAIME
A. LAFUENTE GONZÁLEZ, in his official capacity as President of
the Bureau of Transportation and other Public Services of the
Commonwealth of Puerto Rico,

Defendants, Appellees.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

[Hon. Raúl M. Arias-Marxuach, U.S. District Judge]

Before

Barron, Chief Judge,
Thompson, Circuit Judge,
and Burroughs,* District Judge.

Luís Sánchez Betances, with whom Sánchez Betances, Sifre &
Muñoz Noya was on brief, for appellant.
Omar Andino-Figueroa, Deputy Solicitor General of Puerto
Rico, with whom Fernando Figueroa-Santiago, Solicitor General of
Puerto Rico, and Mariola Abreu-Acevedo, Assistant Solicitor
General, were on brief, for appellees.

* Of the District of Massachusetts, sitting by designation.

June 29, 2023

**Burroughs, District Judge.** Plaintiff-Appellant, Cámara de Mercadeo, Industria y Distribución de Alimentos, Inc. ("Appellant") brought this action on behalf of its members, businesses in the food distribution and sale industry, seeking declaratory and injunctive relief from a series of regulations related to freight tariffs and implementing circular letters promulgated by the Transportation and other Public Services Bureau of the Commonwealth of Puerto Rico ("NTSP," for its Spanish acronym). Below, Appellant alleged that the challenged regulations are unlawful under and preempted by the Puerto Rico Oversight Management Stability Act ("PROMESA"), 48 U.S.C. §§ 2101 et seq.,[1] for two reasons. First, because the regulations did not

---

[1] "In 2016, Congress passed [PROMESA] to address the Commonwealth's fiscal crisis, facilitate restructuring of its public debt, ensure its future access to capital markets, and provide for its long-term economic stability." In re Fin. Oversight & Mgmt. Bd. for P.R., 37 F.4th 746, 750 (1st Cir. 2022) (citing 48 U.S.C. § 2194(m)-(n)), cert. denied sub nom. Pierluisi v. Fin. Oversight & Mgmt. Bd. for P.R., 143 S. Ct. 1070 (2023). PROMESA, in turn, established the Financial Oversight and Management Board for Puerto Rico, "whose members are appointed by the President, with wide-ranging authority to oversee and direct many aspects of Puerto Rico's financial recovery efforts." Id. (citing 48 U.S.C. §§ 2141-2147). For one, "PROMESA grants the Board exclusive authority to certify Fiscal Plans." In re Fin. Oversight & Mgmt. Bd. for P.R., 916 F.3d 98, 112 (1st Cir. 2019).

Additionally,

> [u]nder section 204, the Oversight Board "may take such actions as it considers necessary to ensure that [Commonwealth laws], contract[s], rule[s], executive order[s] or regulation[s] will not adversely affect the territorial

- 3 -

comply with the 2020 or 2021 certified Fiscal Plans and second, because the regulations were not approved by the Financial Oversight and Management Board for Puerto Rico ("FOMB" or "Oversight Board"), as mandated by Section 204(b)(4) of PROMESA and the Oversight Board's policy implementing that provision of PROMESA (the "Policy").[2] Defendants-Appellees, Domingo Emanuelli-Hernández, Attorney General for Puerto Rico, and Jaime A. Lafuente González, President of NTSP (collectively, "Appellees"), moved to dismiss the complaint on several grounds, including that the

government's compliance with the Fiscal Plan, including by preventing the execution or enforcement of [such law], contract, rule, executive order or regulation."

In re Fin. Oversight & Mgmt. Bd. for P.R., 60 F.4th 9, 12 (1st Cir. 2023) (alterations in original) (first citing 48 U.S.C. § 2144(a)(5), (b)(5); and then citing In re Fin. Oversight & Mgmt. Bd. for P.R., 634 B.R. 187, 200-01 (D.P.R. 2021)).

Section 204(b)(4) provides that the Board has "[a]uthority to review certain rules, regulations, and executive orders . . . issued by the Governor (or the head of any department or agency of the territorial government) in the same manner as such provisions apply to a contract." 48 U.S.C. § 2144(b)(4). The provisions as to contracts, in turn, state that "[t]he Oversight Board may establish policies to require prior Oversight Board approval of certain contracts . . . to ensure such proposed contracts promote market competition and are not inconsistent with the approved Fiscal Plan." Id. § 2144(b)(2).

Finally, the Oversight Board may "seek judicial enforcement of its authority to carry out its responsibilities." Id. § 2124(k).

[2] See Fin. Oversight & Mgmt. Bd. for P.R., FOMB Policy: Review of Rules, Regulations, and Orders (revised October 31, 2019), https://drive.google.com/file/d/1WqEoSQSo7VhXybHbqJK8MTid kQyjrwIv/view.

Oversight Board is the only entity that can bring an action to strike down a tariff as inconsistent with a Fiscal Plan and PROMESA.

The district court granted Appellees' motion to dismiss the complaint in its entirety, finding that (1) regardless of whether the regulations were inconsistent with the certified Fiscal Plan, they were not null and remained enforceable, because the Oversight Board had not taken action to invalidate them; and (2) there is no private right of action to enforce PROMESA.[3] Appellant appeals the district court's judgment.

After carefully considering the briefs and record on appeal, we affirm.

First, Appellant concedes that it "does not challenge on appeal the precise bases and essential holding for the district court's dismissal [of] its claim: that PROMESA does not create a private cause of action." In failing to raise any argument that the district court erred in reaching this conclusion, Appellant has waived the issue. See United States v. Mayendía-Blanco, 905 F.3d 26, 32 (1st Cir. 2018) ("We deem an argument to be waived when a party 'intentionally relinquishes or abandons it.'" (quoting United States v. Rodríguez, 311 F.3d 435, 437 (1st Cir.

---

[3] The complaint included a Contracts Clause claim, which the district court also dismissed. Appellant does not appeal the dismissal of this claim.

- 5 -

2002))).

Nevertheless, Appellant asks that the Court consider a separate argument that it raised in its opening brief: that Section 204(b)(4) of PROMESA and the Oversight Board's Policy established "a new tier" in the "Puerto Rico administrative rulemaking process," which, pursuant to the Puerto Rico Administrative Act ("LPAU," for its Spanish acronym) and/or "'core administrative law principles' incorporated into the Administrative Procedure Act ('APA'), 5 U.S.C. § 500 et seq.," requires that any regulation be approved by the Oversight Board before it becomes valid and enforceable. Appellant argues that because the NTSP's regulations were not approved by the Oversight Board, they are invalid and unenforceable.

This argument has also been waived. See Iverson v. City of Boston, 452 F.3d 94, 102 (1st Cir. 2006) (collecting cases). In reply, Appellant asserts that it did make this argument to the lower court, citing its opposition to Appellees' motion to dismiss and its motion to alter or amend the district court's judgment under Federal Rule of Civil Procedure 59(e). In its opposition to Appellees' motion to dismiss, Appellant asserted that the regulations are "null and unenforceable" and "null and void," because Section 204(b)(4) of PROMESA and the Oversight Board's Policy require that the Board approve regulations before they are promulgated, and the Board has either not approved them or

expressly rejected them. Yet the brief does not mention the LPAU, the APA, administrative law, or any other cause of action supporting such a claim, or otherwise develop this argument. This is insufficient to preserve the issue for appeal. See McCoy v. Mass. Inst. of Tech., 950 F.2d 13, 22 (1st Cir. 1991) (declining to consider an argument which, below, a party made only "passing mention of," and for which the party "failed to provide any analysis of the statutory scheme [or] present any legal authority directly supporting their thesis"); id. ("Arguments raised in the District Court in a perfunctory and underdeveloped . . . manner are waived on appeal." (alteration in original) (quoting Kensington Rock Island Ltd. P'ship v. American Eagle Hist. Partners, 921 F.2d 122, 124-25 (7th Cir. 1990))).

Additionally, in its Rule 59(e) motion, Appellant advanced an under-developed but also entirely different theory than it does here, namely, that promulgation of the regulations without the Oversight Board's approval constitutes a due process violation. This too is insufficient to preserve an argument based on Puerto Rico or federal administrative law. "Overburdened trial judges cannot be expected to be mind readers. If claims are merely insinuated rather than actually articulated in the trial court, we will ordinarily refuse to deem them preserved for appellate review." Id. at 22.

Further, Appellant "make[s] no effort to fit [its]

situation within the 'narrowly configured and sparingly dispensed' exceptions to the raise-or-waive rule (as it is known)." Reyes-Colón v. United States, 974 F.3d 56, 62 (1st Cir. 2020) (quoting Daigle v. Me. Med. Ctr., Inc., 14 F.3d 684, 688 (1st Cir. 1994)). Although this Court may "in its discretion, . . . consider theories not articulated below," "exceptions of this kind . . . should be 'few and far between,'" and "[t]he typical case involves an issue that is one of paramount importance and holds the potential for a miscarriage of justice." B & T Masonry Constr. Co. v. Pub. Serv. Mut. Ins. Co., 382 F.3d 36, 41 (1st Cir. 2004) (quoting Nat'l Ass'n of Soc. Workers v. Harwood, 69 F.3d 622, 627 (1st Cir. 1995)); see also Correa v. Hosp. S.F., 69 F.3d 1184, 1196 (1st Cir. 1995) (explaining that such "appellate discretion should not be affirmatively exercised unless error is plain and the equities heavily preponderate in favor of correcting it"). Appellant has not shown, and we do not conclude, that these considerations are present here.

We therefore affirm the district court's dismissal of Appellant's complaint.

**Affirmed.**