**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 20-4616

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JUSTIN DAARON JOHNSON, a/k/a J-Rock,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. James C. Dever III, District Judge. (5:18-cr-00101-D-2)

Submitted: March 4, 2022                                Decided: April 1, 2022

Before NIEMEYER, WYNN, and QUATTLEBAUM, Circuit Judges.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:** Matthew M. Robinson, ROBINSON & BRANDT, P.S.C., Covington, Kentucky, for Appellant. G. Norman Acker, III, Acting United States Attorney, David A. Bragdon, Assistant United States Attorney, Joshua L. Rogers, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Justin Daaron Johnson pled guilty to conspiracy to distribute and possess with intent to distribute 5 kilograms or more of cocaine and 280 grams or more of cocaine base (crack). The district court imposed a 235-month sentence. Johnson appeals challenging the validity of his guilty plea and the reasonableness of his sentence. For the following reasons, we affirm.

Six months after pleading guilty, Johnson filed a pro se motion to withdraw his guilty plea, contending that, in violation of *Brady v. United States*, 397 U.S. 742 (1970), the Government withheld exculpatory evidence from him that would have affected his decision to plead guilty. Johnson stated that he was "actually innocent of a conspiracy to distribute" and he asserted that, during the trial of another co-conspirator, a cooperating witness recanted his statement implicating Johnson in the conspiracy. Johnson subsequently withdrew his motion to withdraw his guilty plea.

"A party who identifies an issue, and then explicitly withdraws it, has waived the issue." *United States v. Robinson*, 744 F.3d 293, 298 (4th Cir. 2014) (quoting *United States v. Rodriguez*, 311 F.3d 435, 437 (1st Cir. 2002)). Because Johnson raised, and then withdrew, his allegation of prosecutorial misconduct, we conclude that he has waived his claim that the Government's conduct rendered his plea not knowing and voluntary. In any event, we note that the Government had no obligation to provide Johnson with the cooperating witness' allegedly exculpatory testimony. *See United States v. Wilson*, 901 F.2d 378, 380 (4th Cir. 1990) (explaining that the rule in *Brady* does not apply "if the evidence in question is available to the defendant from other sources") (citations omitted);

2

*see also United States v. Ruiz*, 536 U.S. 622, 633 (2002) ("[T]he Constitution does not require the Government to disclose material impeachment evidence prior to entering a plea agreement with a criminal defendant.").

Johnson also contends that his sentence is both substantively and procedurally unreasonable. The probation officer initially attributed Johnson with 47 kilograms of cocaine and 479.21 grams of crack, resulting in a base offense level of 34. *See* U.S. Sentencing Guidelines Manual § 2D1.1(a)(5) (2018). The probation officer added two offense levels for possession of a dangerous weapon, USSG § 2D1.1(b)(1), and recommended a two-level reduction for acceptance of responsibility, USSG § 3E1.1(a). The probation officer determined that Johnson had 12 criminal history points, placing him in criminal history category V. Based on a total offense level of 34 and criminal history category V, Johnson's advisory Guidelines range was 235 to 293 months. USSG ch. 5, pt. A (sentencing table).

Johnson objected to the drug quantity attributed to him in the presentence report and the district court sustained the objection, finding that the evidence did not support holding Johnson accountable for 479.21 grams of crack discovered during a search of his co-conspirator's residence. This finding decreased Johnson's total offense level to 32, and his advisory Guidelines range to 188 to 235 months.

Johnson also challenged the computation of his criminal history, contending that three criminal history points were erroneously assessed for a 2018 conviction for unlawful possession of a firearm, which he argued was part of the relevant conduct for the conspiracy offense. And he argued that he should be granted the third level reduction for acceptance

3

of responsibility. The district court overruled these objections, finding that the firearm offense was not part of the conspiracy and that, because Johnson moved to withdraw his guilty plea and denied any involvement in the conspiracy, he caused the Government and the court to waste resources and therefore was not entitled to the third level reduction. The court concluded that Johnson's advisory Guidelines range was 188 to 235 months' imprisonment. Stating that it considered the arguments of the parties, the advisory Guidelines range and the 18 U.S.C. § 3553(a) sentencing factors, the court determined that a sentence of 235 months was appropriate. The court also announced that, even if it had erred in its determination of the advisory Guidelines range, it would impose the same sentence as an alternative variant sentence.

On appeal, Johnson contests the district court's rulings on his challenges to his criminal history score and the denial of the third level reduction for acceptance of responsibility. He also contends that the sentence imposed is unreasonable in light of the court's errors.

This court reviews a defendant's sentence "under a deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 41 (2007). Before assessing substantive reasonableness, the court must first determine whether the sentence is procedurally reasonable. *See United States v. Webb*, 965 F.3d 262, 270 (4th Cir. 2020). A district court commits procedural error "by failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the 18 U.S.C. § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence." *United States v. Ventura*, 864 F.3d 301, 308 (4th Cir. 2017)

4

(cleaned up). "In reviewing whether a sentencing court properly calculated the Guidelines range, we review the [district] court's factual findings for clear error and its legal conclusions de novo." *United States v. Shephard*, 892 F.3d 666, 670 (4th Cir. 2018).

Where the district court's alternative basis for imposing the sentence "suffices to establish that the court would have imposed the same sentence even had it resolved the challenged Guidelines calculation in the defendant's favor," *United States v. Mills*, 917 F.3d 324, 331 (4th Cir. 2019), this court need not resolve a defendant's challenges to the Guidelines rulings but may instead "proceed directly to an assumed error harmlessness inquiry," *United States v. Gomez-Jimenez*, 750 F.3d 370, 382 (4th Cir. 2014) (internal quotation marks omitted). In other words, this court may assume—without deciding—that the advanced Guidelines errors "occurred and proceed to examine whether the error[s] affected the sentence imposed." *United States v. McDonald*, 850 F.3d 640, 643 (4th Cir. 2017); *see Mills*, 917 F.3d at 330. A sentencing error is harmless if: "(1) the district court would have reached the same result even if it had decided the Guidelines issue the other way, and (2) the sentence would be reasonable even if the Guidelines issue had been decided in the defendant's favor." *Mills*, 917 F.3d at 330 (cleaned up).

Here, the district court expressly stated that it would impose the same sentence even if it erred in computing Johnson's advisory Guidelines range. Accordingly, the first prong of the assumed error harmlessness inquiry is satisfied. *See Gomez-Jimenez*, 750 F.3d at 383. Under the second prong, when reviewing the substantive reasonableness of a sentence, we "must examine the totality of the circumstances . . . to see whether the sentencing court abused its discretion in concluding that the sentence it chose satisfied the

5

standards set forth in § 3553(a)." *Mills*, 917 F.3d at 331 (cleaned up). "And while we presume that sentences within the advisory Guidelines range are substantively reasonable, even sentences that vary outside the Guidelines range are entitled to due deference." *Gomez-Jimenez*, 750 F.3d at 383.

If, as Johnson argues, the district court erred by increasing his criminal history due to his prior conviction for unlawful possession of a firearm and also erred by denying him the third level reduction for acceptance of responsibility, his advisory Guidelines range would be 151 to 188 months' imprisonment. In explaining the basis for a 235-month sentence, the district court emphasized the seriousness of Johnson's offense conduct, the large amounts of cocaine he arranged to be brought into the Eastern District of North Carolina from Mexico, his possession of a firearm in connection with the offense of conviction, and the need to deter others. Noting Johnson's lengthy criminal history and his supervised release violations, the court expressed "grave concerns" about whether Johnson would be deterred from further crimes and found "a great need to incapacitate [him]."

Upon consideration of the court's analysis of the § 3553(a) factors, we conclude that the 235-month sentence is reasonable even if imposed as an upward variance from the 151- to 188-month Guidelines range applicable if Johnson's objections to the Guidelines calculations were sustained. *See United States v. Bolton*, 858 F.3d 905, 916 (4th Cir. 2017) (upholding upward variant sentence 25% higher than top of Guidelines range) (citing *United States v. Hernandez-Villanueva*, 473 F.3d 118, 123 (4th Cir. 2007) (upholding sentence three times greater than upper end of Guidelines range)). We therefore conclude

that any error by the district court in determining the applicable Guidelines range is harmless. *See Mills*, 917 F.3d at 330.

Accordingly, we affirm the district court's judgment.[*] We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

---

[*] Because Johnson is represented by counsel who has filed a merits brief in this appeal, we deny his motion to file a pro se supplemental brief. *See United States v. Penniegraft*, 641 F.3d 566, 569 n.1 (4th Cir. 2011) (denying motion to file pro se supplemental brief because defendant was represented by counsel and appeal was not submitted pursuant to *Anders v. California*, 386 U.S. 738 (1967)).