**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────────

**No. 22-4153**

───────────────

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

   v.

JUAN GABRIEL RODRIGUEZ-PRECIADO,

        Defendant - Appellant.

───────────────

Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk. Robert G. Doumar, Senior District Judge. (2:19-cr-00164-RGD-RJK-3)

───────────────

Submitted: November 22, 2022           Decided: January 9, 2023

───────────────

Before NIEMEYER and HARRIS, Circuit Judges, and MOTZ, Senior Circuit Judge.

───────────────

Affirmed by unpublished opinion. Judge Niemeyer wrote the opinion, in which Judge Harris and Judge Motz joined.

───────────────

**ON BRIEF:** Melissa J. Warner, LAW OFFICE OF MELISSA J. WARNER, Glen Allen, Virginia, for Appellant. Jessica D. Aber, United States Attorney, Richmond, Virginia, Kristin Bird, Special Assistant United States Attorney, Norfolk, Virginia, Megan M. Montoya, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Newport News, Virginia, for Appellee.

───────────────

Unpublished opinions are not binding precedent in this circuit.

NIEMEYER, Circuit Judge:

Juan Gabriel Rodriguez-Preciado was convicted of conspiring to distribute and distributing large quantities of cocaine in 2019, which he obtained indirectly from a source in Mexico and provided to a drug distribution organization in Richmond, Virginia, in violation of 21 U.S.C. §§ 846 and 841. The district court sentenced him to 145 months' imprisonment.

On appeal, he requests that we vacate the judgment and remand for a new trial, contending (1) that the district court erred in denying his motion to suppress, which was based on his claims that the search warrant leading to his arrest was not supported by probable cause and that he did not, thereafter, *voluntarily* waive his *Miranda* rights; (2) that testimony given by a codefendant about what the organization's leader had said during the course of the conspiracy violated his Sixth Amendment right to confront witnesses; and (3) that evidence impeaching the testimony of a cooperating defendant, disclosed by the government after trial, required that he be given a new trial.

Having carefully reviewed the record and the briefs of counsel for both parties, we affirm.

I

In July 2019, law enforcement officers in the Hampton Roads area of Virginia arrested Jason Gregory for trafficking in cocaine. Following his arrest, Gregory agreed to cooperate with law enforcement. He described his role in a Richmond drug distribution organization headed by Adian Barth and included Corey Evans and Derrick Lewis as

2

members. Thereafter, Gregory participated in three controlled purchases of cocaine, which variously involved Barth, Lewis, and Evans, corroborating much of what Gregory had described to law enforcement about the organization. Gregory also described how the defendant, Rodriguez-Preciado, was the middle-man between the organization and a Mexican source, obtaining multi-kilogram quantities of cocaine for the organization. And law enforcement learned, both from Gregory and their own surveillance, that the organization's operations were conducted from various locations, leading them to obtain search warrants for a car dealership and four houses, including, in particular, Rodriguez-Preciado's residence on Laveta Drive in Richmond, which, Gregory said, also served as a "stash house" for drugs and money.

When executing the Laveta Drive warrant, law enforcement officers arrested Rodriguez-Preciado, who was in the house at the time the warrant was executed. After receiving his *Miranda* warnings, Rodriguez-Preciado agreed to answer questions, describing how, every two weeks, he had obtained ten kilograms of cocaine for the organization.

A grand jury indicted four members of the organization — Barth, Evans, Lewis, and Gregory — as well as Rodriguez-Preciado for conspiracy to distribute and distribution of cocaine. As relevant here, Rodriguez-Preciado, the defendant in this appeal, filed a motion to suppress the evidence seized during the execution of the search warrant at Laveta Drive, including his incriminating statements made after waiving his *Miranda* rights. He argued that the warrant was not supported by probable cause and that his waiver was not knowing and intelligent. The district court conducted a hearing on the motion and then denied it.

3

At trial, Gregory and Lewis were among the witnesses who testified on the behalf of the government, describing the organization and its operation. Following a three-day trial, the jury convicted Rodriguez-Preciado on one count of conspiracy and one count of distribution.

After trial, the government became aware of new potentially impeaching evidence relating to Gregory and promptly disclosed it to Rodriguez-Preciado, who then filed a motion for a new trial. The district court denied the motion, explaining that because the evidence was only impeachment evidence and much of Gregory's evidence was supported by unimpeachable corroborative evidence, the new evidence did not warrant its granting a new trial.

This appeal followed.

## II

In his motion to suppress, Rodriguez-Preciado argued that the search warrant leading to his arrest was not supported by probable cause and that his subsequent waiver of his *Miranda* rights was not knowing and intelligent.

But at the hearing on the motion, Rodriguez-Preciado affirmatively withdrew his claim challenging the waiver of his *Miranda* rights, and the district court accordingly did not address that issue. Nonetheless, he now argues it on appeal. We conclude, however, that the issue was waived. When a defendant "identifies an issue, and then explicitly withdraws it," he waives the argument, and "when a claim is waived, it is not reviewable on appeal, even for plain error." *United States v. Robinson*, 744 F.3d 293, 298 (4th Cir.

4

2014) (quoting *United States v. Rodriguez*, 311 F.3d 435, 437 (1st Cir. 2002)).  Therefore, we too will not address the issue.

On the challenge to the support for the search warrant as to the Laveta Drive house, we have reviewed both the warrant and the matters supporting it and conclude that the issuing judge was presented with ample evidence to provide probable cause for the issuance of the warrant.  The materials presented to the judge contained extensive historical evidence of law enforcement's investigation into the workings of the drug distribution organization, giving the names of its members and describing its activities, including three controlled purchases conducted by law enforcement officers.  The materials also included evidence of the role that each of the five locations played in the organization's operations, including the Laveta Drive house.  In addition, a reliable cooperating member of the organization told law enforcement that the organization had possession of a property that it was using as a "stash" house where "illegal contraband and U.S. currency" were "maintain[ed]."  The evidence gathered by law enforcement plausibly showed that the Laveta Drive house was that stash house.  The materials also described law enforcement's surveillance of the Laveta Drive house, which revealed that Barth, Evans, and Lewis, the top-ranking members of the organization, repeatedly frequented the location.  Finally, law enforcement described, based on long experience, how such drug distribution organizations "commonly use various locations to store illegal narcotics, ledgers, U.S. currency, packing materials, and other indicia commonly associated with the distribution of narcotics."

We conclude that this evidence amply demonstrated a *fair probability* that evidence of criminal conduct would be found at the Laveta Drive location, and that is all that is

5

needed to justify the issuance of a warrant. *See United States v. Orozco*, 41 F.4th 403, 408 (4th Cir. 2022); *United States v. Ortiz*, 669 F.3d 439, 444–45 (4th Cir. 2012).

Accordingly, we affirm the district court's ruling denying Rodriguez-Preciado's motion to suppress.

## III

Rodriguez-Preciado next contends that codefendant Gregory was improperly allowed to testify at trial about what Barth, the leader of the organization, had said during the course of the conspiracy. Rodriguez-Preciado argues that admitting such testimony denied him the ability to cross-examine Barth, in violation of his rights under the Confrontation Clause of the Sixth Amendment.

The Confrontation Clause bars out-of-court statements by non-testifying individuals, but it does so only if the statements were "testimonial." "Thus, under our precedents, a statement cannot fall within the Confrontation Clause unless its primary purpose was testimonial. Where no such primary purpose exists, the admissibility of a statement is the concern of state and federal rules of evidence, not the Confrontation Clause." *Ohio v. Clark*, 576 U.S. 237, 245 (2015) (cleaned up); *see also Crawford v. Washington*, 541 U.S. 36, 68 (2004).

In this case, Gregory, who was not only a member of the drug distribution organization but also had known Barth for ten years before becoming a member of the organization, testified to statements made by Barth during the course of the conspiracy about the organization's sources of cocaine, his fear of the Mexican cartels, his setting up

6

of houses for the organization, and other events and incidents during the conspiracy. There was no indication that these statements imputed to Barth were made in such a circumstance that Barth would expect that they would be taken as a substitute for out-of-court testimony. Thus, because there was no indication that Barth's statements were testimonial — or, indeed, that he intended them as a substitute for out-of-court testimony — they did not implicate the Sixth Amendment's Confrontation Clause. *Ohio v. Clark*, 576 U.S. at 245; *Crawford*, 541 U.S. at 68. Moreover, because Gregory testified as a coconspirator to statements made by another coconspirator, admission of his testimony did not violate the hearsay rule. *See United States v. Mathis*, 932 F.3d 242, 254–55 (4th Cir. 2019) (holding that inculpatory statements made by some jointly tried codefendants to cooperating witnesses fell within the coconspirator exemption of the hearsay rules); *see also* Fed. R. Evid. 801(d)(2)(E).

Accordingly, we also reject Rodriguez-Preciado's challenge to Gregory's testimony of Barth's statements.

IV

Finally, Rodriguez-Preciado contends that the government provided him with relevant impeachment evidence *after the trial* and therefore that he should be granted a new trial. Ten days after the verdict, the government provided him with evidence that an anonymous person had called the Probation Office and alleged that Gregory had drugs inside his residence and that his wife possessed a firearm. Rodriguez-Preciado maintains that this was admissible impeachment evidence because at trial Gregory had testified that

7

he had not used drugs since 2006 and that he did not have any firearm. Thus, Rodriguez-Preciado filed a motion for a new trial based on this newly discovered evidence.

The district court denied the motion, explaining that Rodriguez-Preciado failed to satisfy the established five-factor test that, if satisfied, could warrant a new trial. *See United States v. Chavis*, 880 F.2d 788, 793 (4th Cir. 1989). The third factor requires that the new evidence not be "merely cumulative or impeaching." *Id*. While impeachment evidence thus would not ordinarily warrant a new trial, we have recognized that an exception can be made in the rare circumstance where the evidence could impeach a witness who was the government's *only witness* and whose testimony was *uncorroborated*. *United States v. Custis*, 988 F.2d 1355, 1359 (4th Cir. 1993). The district court in this case found that the exception was not demonstrated, pointing to numerous witnesses who testified for the government and a substantial amount of corroborating evidence, and therefore it denied Rodriguez-Preciado's motion.

We agree with the district court that this case clearly does not fall within the *Custis* exception. In this case, the government did not rely on just the testimony of Gregory; it also presented other witnesses and extensive evidence corroborating Gregory's testimony. Rodriguez-Preciado thus has failed to demonstrate the requirements of the rare exception to the rule that impeachment evidence alone does not provide a basis for a new trial. Accordingly, we affirm the district court's ruling denying Rodriguez-Preciado's motion for a new trial.

\*    \*    \*

The judgment of the district court is accordingly

8

AFFIRMED.